IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Jon J. Slick** <br> 2684 Marks Road <br> Valley City, Ohio 44280 <br><br> Plaintiff, <br><br> vs. <br><br> **Sgt. Eric Bors** <br> In his Individual and Official Capacity <br> c/o Brunswick Hills Police Department <br> 505 Substation <br> Brunswick Hills, Ohio 44212 <br><br> and <br><br> **Officer W. Fisher** <br> In his Individual and Official Capacity <br> c/o Brunswick Hills Police Department <br> 505 Substation <br> Brunswick Hills, Ohio 44212 <br> and <br><br> **John Doe Defendant** <br> **Unknown Medina County Sheriffs** <br> Name and Address Unknown <br><br> **John Doe Defendants** <br> **Unknown Assisting Officers 1-10** <br> c/o Brunswick Hills Police Department <br><br> Defendants. | ) CASE NO. <br> ) <br> ) <br> ) <br> ) **JUDGE:** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **COMPLAINT FOR MONEY DAMAGES** <br> ) <br> ) <br> ) **CIVIL RIGHTS VIOLATIONS** <br> ) **(42 U.S.C §§1981 and 1983)** <br> ) <br> ) <br> ) <br> ) <br> ) **MALICIOUS PROSECUTION** <br> ) <br> ) <br> ) **EXTREME EMOTIONAL DISTRESS** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## INTRODUCTION

1. This is an action for relief brought pursuant to the Civil Rights Act, 42 U.S.C. §§1981 and 1983 and the Fourth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Ohio, against Brunswick Hills Police

Officer Sergeant Eric Bors (hereafter Sgt. Bors), Brunswick Hills Police Officer W. Fisher (hereafter Officer Fisher), John Doe Defendants, Unknown Assisting Officers from the Brunswick Hills Police Department, (hereafter Unknown Assisting Brunswick Hills Officers) and John Doe Defendants, Unknown Assisting Officers from the Medina County Sheriff Department, (hereafter Unknown Medina Sheriffs), jointly and severally in their individual and official capacities.

## OPERATIVE FACTS

2. At all times relevant, Plaintiff was an adult male who lived at 2684 Marks Rd., Valley City, Ohio, Medina County, Ohio.

3. On January 29, 2015 Brunswick Hills Police Sergeant Eric Bors (Sgt. Bors) was on duty, on patrol, in uniform and operating a marked Brunswick Hills Township Police cruiser. At approximately 7 p.m. he was southbound at the intersection of Pearl Road (state Route 42) and Sleepy Hollow. The northeast corner of this intersection is entirely within the City of Brunswick, Medina County, Ohio and it is this corner that contains the Sleepy Hollow Marathon gas station. The southeast corner of this intersection, which is entirely within Brunswick Hills Township contains the Sleepy Hollow Market and Rico's Bar and Grill.

4. The Plaintiff, Mr. Slick was driving a 1999 black Ford F 150 pickup truck. He had stopped at the Sleepy Hollow Marathon for cigarettes and pulled out of the gas station and stopped at the stop line facing west on Sleepy Hollow Road at a red light.

5. At this location, Sleepy Hollow Road is a two-lane road with one lane proceeding east and one lane proceeding west.

6. At this location, Pearl Road consists of three lanes. There is a northbound travel lane, a southbound travel lane and a center turn lane which, for both northbound and southbound traffic lanes, has a designated turn lane at the stop light.

7. Sgt. Bors was proceeding south in his patrol vehicle. A truck proceeding east from the west side of the intersection turned in front of Sgt. Bors vehicle to proceed north. This meant that the vehicle also turned in front of the Plaintiff's vehicle.

8. The stop bar for the Plaintiff's pick-up truck is close to the intersection of Sleepy Hollow and Pearl Road. It is essentially parallel to the west side of the exit area from the Marathon gas station.

9. Sgt. Bors, as he proceeded south, was turning through the intersection at the time the light turned green for the Plaintiff's westbound traffic. Sgt. Bors's movement through the intersection after the light had changed to red caused the Plaintiff, as he was traveling into the intersection, to have to brake to avoid a collision with Sgt Bors' vehicle.

10. The Plaintiff did not begin to move his vehicle into the intersection until he was facing a steady green indicator.

11. Sgt. Bors did not immediately activate his lights after turning around in the parking lot of Sleepy Hollow Marathon to follow the Plaintiff's vehicle after it had gone through the intersection. In fact, the lights on Sgt. Bors' patrol car were not activated until he was significantly west of this intersection, attempting to catch up to the Plaintiff's vehicle.

12. When Sgt. Bors caught up with the Plaintiff he cited the Plaintiff with Failure to Yield the Right of Way and Failure to Produce an Operator's license.

13. As a result of the interaction between the Plaintiff and Sgt Bors the Plaintiff was eventually cited, on February 3, 2015, through Complaints signed by Officer Fisher, with the

additional charges of Obstructing Official Business, Failure to Comply and Disorderly Conduct.

14. On February 3, 2015 approximately fourteen Brunswick Hills Police Officers and Medina County Sheriffs wearing vest and carrying guns converged on the Plaintiff's property filling his driveway with police cars and after reluctantly allowing him to change into more weather appropriate clothes arrested the Plaintiff.

15. On February 4, 2015 upon the oath of Officer W. Fisher of the Brunswick Hills Police Department the Plaintiff was arrested and commanded into the custody of the Medina County Jail.

16. In a Judgment Entry, in response to an earlier motion to suppress filed on behalf of the Mr. Slick by his trial counsel, time stamped and filed on April 26, 2016 Judge Chase of the Medina Municipal Court held that the State of Ohio had failed to demonstrate reasonable or articulable suspicion or probable cause to believe that the Plaintiff had violated a traffic law in the State of Ohio; that there was no basis for the initial detention of the Plaintiff' vehicle and that the Motion to Suppress, filed by the Plaintiff's trial attorney, was granted and that all evidence seized after the detention of the Defendant (Mr. Slick's) vehicle, including identification was suppressed.

17. On May 4, 2016 a copy of the State's Motion to Dismiss, due to a lack of evidence to prosecute the case, was served upon the Plaintiff's trial counsel.

## JURISDICTION

18. The jurisdiction of this Court over the subject matter of this action is conferred pursuant to 42 U.S.C.A. §§1981 and 1983 *et seq.;* the Judicial Code, 28 U.S.C. §§1331 and 1391; the Constitution of the United States, and pendent and supplemental jurisdiction

pursuant to 28 U.S.C. § 1367. This Court has pendent and supplemental jurisdiction over all state claims.

## VENUE

19.  The unlawful actions alleged in this Complaint have taken placed within the jurisdiction of the United States District Court for the Northern District of Ohio. Venue is proper under 28 U.S.C.A. §1391(b).

## PARTIES

20.  Plaintiff Jon Slick is a Caucasian male and was at all times relevant a citizen of the United States of America and a resident of the City of Seville, Medina County, State of Ohio.

21.  Defendant Sgt. Bors was, at all times relevant to the incidents which are the subject of this lawsuit, employed by the Brunswick Hills Police Department. The actions of Defendant Sgt. Bors which are the subject of this lawsuit were undertaken in the regular course of his employment. He is sued individually and in his official capacity. Upon information and belief, Sgt. Bors is a resident of Medina County, Ohio.

22.  Defendant Officer W. Fisher was, at all times relevant to the incidents which are the subject of this lawsuit, employed by the Brunswick Hills Police Department. The actions of Defendant Officer Fisher which are the subject of this lawsuit were undertaken in the regular course of his employment. He is sued individually and in his official capacity. Upon information and belief, Officer Fisher is a resident of Medina County, Ohio.

22.  The John Doe Defendants, the Unknown Assisting Brunswick Hills Officers and the Unknown Medina Sheriffs who were involved in the arrest of the Plaintiff are employed by a law enforcement agency operating in Medina County, the State of Ohio and was at all

times mentioned, acting under the color of law and their actions which are the subject of this lawsuit were undertaken in the regular course of their employment. They are sued individually and in their official capacity. Upon reasonable information and belief, the John Doe Defendants, the Unknown Assisting Brunswick Hills Officers and the Unknown Medina Sheriffs are residents of Medina County, Ohio. Theses Defendant will be identified through discovery by the time of trial, and leave will be requested to amend this Complaint to state the John Doe Defendants' Unknown Brunswick Hills Officers and the Unknown Medina Sheriffs' true identities.

## FIRST CAUSE OF ACTION

## MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

23. Plaintiff realleges paragraphs 1 through 22 as though fully set forth here at length.

24. Defendant Bors influenced, participated in and made the decision to initiate a criminal prosecution against the Plaintiff when Defendant Bors' falsely cited the Plaintiff for traffic violations that he knew the Plaintiff hadn't committed

25. Defendant Fisher influenced, participated in and made the decision to initiate a criminal prosecution against the Plaintiff when he, under oath, signed the Complaints that were filed with the Medina Municipal Court on February 3, 2018 which led to the Plaintiff being arrested.

26. On February 4, 2015 the Plaintiff, having been arrested based upon the oaths Defendant Fisher made in filing the Complaints, was commanded into the custody of the Medina County Sheriff's Office.

27.     As the Court determined in its decision time stamped April 26, 2016 there was no probable cause for the belief that the Plaintiff has violated a traffic law in the State of Ohio.

28.     On May 4, 2016 a copy of the State's Motion to Dismiss, in response to the Court's decision time stamped April 26, 2016, was served upon the Plaintiff's trial counsel thereby resolving the criminal prosecution in the Plaintiff's favor.

29.     The outrageous governmental/police conduct perpetrated herein on the Plaintiff by Defendants Bors and Fisher was a deliberate, unnecessary, unreasonable, oppressive and wanton invasion of the Plaintiff's constitutional rights that was not justified by any governmental interest and was consciously shocking in nature.

30.     Since 1996, through and including the incident herein, the Brunswick Hills Police Department has engaged in a campaign of harassment against the Defendant which includes but is not limited to by parking their cars outside his home for no apparent reason; driving by his home and saying something to him as they drove by and following him without pulling him over.  It is this campaign of harassment and lack of respect for the Plaintiff that emboldened the Defendants to think that they could maliciously prosecute the Plaintiff and get away with it.

## SECOND CAUSE OF ACTION

### (VIOLATION OF DUE PROCESS UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION)

31. Plaintiff realleges paragraphs 1 through 30 as though fully rewritten herein.

32. The foregoing constitutes a violation of the Plaintiff's Fifth Amendment right to Due Process.

33. The outrageous governmental/police conduct perpetrated herein on the Plaintiff was a deliberate, unnecessary, unreasonable, oppressive and wanton invasion of the Plaintiff's constitutional rights that was not justified by any governmental interest and was consciously shocking in nature.

34. The psychological coercion employed against the Plaintiff violates the concept of fundamental fairness and instead places the behavior of the "law enforcement" individuals firmly into the realm of unconstitutionally outrageous governmental/police conduct.

35. The unnecessary, unreasonable, unlawful acts by the Defendants against the Plaintiff were of such a magnitude that it affords brutality under the cloak of law and is completely inconsistent with contemporary standards of decency.

36. As a direct and proximate result of said outrageous conduct and the violation of due process that ensued the Plaintiff suffered injuries and damages which continues to accrue for which the Defendants are individually, jointly and severally liable to the Plaintiff.

### THIRD CAUSE OF ACTION

**INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

37. Plaintiff realleges paragraphs 1 through 35 as though fully set forth here at length.

38. Plaintiff Jon Slick suffered severe emotional distress whether intentionally inflicted or negligently inflicted as a result of the acts of the Defendants as described above.

39. As a result, thereof Plaintiff Jon Slick suffered damages for intentional and/or negligent infliction of emotional distress as set forth above.

## FOURTH CAUSE OF ACTION

## WANTON AND RECKLESS CONDUCT

40. Plaintiff realleges paragraphs 1 through 39 as though fully set forth here at length.

41. The foregoing constitutes wanton and reckless conduct for which all Defendants are liable to Plaintiff in that each Defendant individually and collectively was careless, heedless, indifferent and/or malicious and/or willful in their failure to perform their duties and responsibilities toward the Plaintiff thereby individually and collectively causing the injuries and indignities suffered by the Plaintiff.

42. As a direct and proximate result of said wanton and reckless conduct, Plaintiff suffered the injuries and damages previously alleged and Defendants are individually, jointly and severally liable to Plaintiff.

## ADDITIONAL CLAIMS

43. Plaintiff realleges paragraphs 1 through 42 as though fully set forth here at length.

44. Plaintiff hereby gives notice that they may present additional claims that become available during the discovery proceedings in this case, and hereby reserves the right to amend their Complaint and assert such claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, individually, jointly and severally, as follows:

(1)  An award of compensatory damages in favor of Plaintiff and against each Defendant, in their official and individual capacities individually, jointly and severally in an amount in excess of Two Million Dollars ($2,000,000.00) to be determined at trial for physical and extreme mental injuries, great pain and suffering, damages and losses;

(2)  Punitive damages against each of these Defendants, individually, jointly and severally, the exact amount to be proved at trial;

(3)  Costs of this litigation;

(4)  Pre-judgment and post-judgment interest;

(5) Attorney fees incurred by the Plaintiff pursuant to 42 U.S.C. §1988 and;

(6)  Such other and further relief as this Court deems proper.

Respectfully submitted,

_____
David V. Gedrock (0016542)
46 Public Square, Suite 210
Medina, Ohio 44256
330-723-4947
330-764-9739 fax
Dgedrock@gmail.com

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of their peers, made up of the maximum number of jurors allowed by law.

_____
David V. Gedrock
Counsel for Plaintiff