IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JON J. SLICK, | ) | CASE NO. 1:18 CV 0796 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| SGT. ERIC BORS, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendants. | ) | **ORDER** |

## Introduction

Before me[1] is a civil action under 42 U.S.C. §§ 1981, 1983 by Jon J. Slick against two individual officers of the Brunswick Hills police department in both their individual and official capacities, as well as other "John Doe" defendants of the same police department.[2] All defendants, both named and unnamed, have filed a single answer.[3] Pending is a motion by the defendants for judgment on the pleadings,[4] which Slick opposes.[5] The defendants have replied to that opposition.[6]

---

[1] The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Solomon Oliver, Jr. in a non-document order dated June 19, 2018.
[2] ECF No. 1.
[3] ECF No. 5.
[4] ECF No. 14.
[5] ECF No. 16.
[6] ECF No. 18. Slick asked for (ECF No. 21) and received permission (non-document order entered August 22, 2018) to supplement his opposition, but has not done so.

For the reasons stated below, the defendants' motion for judgment on the pleadings will be granted in part as to dismissing with prejudice the John Doe defendants, and to dismissing with prejudice all federal law claims against Officer Fisher and Sergeant Fisher. I will decline to accept continuing jurisdiction over all the remaining state law claims, which will be dismissed without prejudice.

## Facts

The facts relevant to resolution of the motion are not extensive. In the evening of January 29, 2015, Slick was stopped on Sleepy Hollow Road in Brunswick by defendant Sergeant Eric Bors after Slick's truck had a near collision with Bors's police cruiser.[7] Slick was cited for failing to yield the right of way and failing to produce his driver's license.[8] Bors's incident report states that as Slick drove away from the traffic stop, he "stared" at Bors in "an attempt to cause some type of intimidation."[9]

When the city prosecutor later reviewed the file, he added additional charges against Slick: obstructing official business; failure to comply; failure to disclose information; and – by reason of the intimidation allegation in the incident report – disorderly conduct.[10] Defendant Fisher prepared and filed a complaint against Slick according to this direction.[11]

---

[7] ECF No. 14, Attachment 1 at 3; ECF No. 16 at 3. Slick maintains that the near collision occurred because Sergeant Bors "was turning through the intersection at the time the light turned green" for Slick. *See* ECF No. 1 at ¶ 9.
[8] ECF No. 14, Attachment 1 at 3.
[9] *Id.*
[10] ECF No. 14, Attachment 2.
[11] ECF No. 14 at 3 (citing ECF No. 1 at ¶ 13).

Slick was arrested[12] and taken to the Medina County jail,[13] where he was allegedly incarcerated for two days.[14]

Prior to trial, Slick moved to suppress all evidence obtained after the arrest, apparently on the grounds that the prosecution had not established probable cause to believe that Slick had violated any traffic laws.[15] When that motion was granted, the prosecution voluntarily dismissed the complaint on May 4, 2016.[16]

On April 9, 2018, the present complaint was filed.[17] In that complaint, Slick alleges (1) malicious prosecution;[18] (2) Fifth Amendment – violation of due process;[19] (3) intentional and/or negligent infliction of emotional distress;[20] and (4) wanton and reckless conduct.[21]

---

[12] ECF No. 14 at 3 (citing ECF No. 1 at ¶¶ 14, 15).
[13] ECF No. 1 at ¶ 15.
[14] ECF No. 16 at 8.
[15] *Id.* at 4. Although the fact that a motion to suppress was filed is not contested, neither side has supplied a copy of that motion in the Rule 56 evidence. The characterization of the motion and its grounds therefore cannot be independently verified. The characterization set forth above is Slick's.
[16] ECF No. 14 at 3 (citing ECF No. 1 at ¶¶ 16, 17).
[17] ECF No. 1.
[18] ECF No. 1 at ¶¶ 23-30.
[19] *Id.* at ¶¶ 31-36.
[20] *Id.* at 37-39.
[21] *Id.* at 40-42.

# Analysis

## A. Standard of review

The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure12(c) is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[22] In *Smith v. BAC Home Loans Servicing, LP*,[23] the Sixth Circuit restated the standards applicable to motions to dismiss:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain. . .a short plain statement of the claim showing that the pleader is entitled to relief." Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[ ] veracity" of "well-pleaded factual allegations."[24]

## B. Application of standard

### 1. *The John Doe defendants are dismissed with prejudice.*

As the defendants have noted,[25] Slick has not developed any claim, beyond the assertion in the complaint, against various John Doe deputy sheriffs and Brunswick Hills

---

[22] *3LI Consultant Grp. V. Catholic Health Partners*, No. 1:15-cv-455, 2016 WL 246202, at *1 (S.D. Ohio Jan. 21, 2016).
[23] *Smith v. BAC Home Loans Servicing, LP*, No. 13-5461, 2014 WL 169573 (6th Cir. Jan. 15, 2014)
[24] *Id.* at *1 (citations omitted).
[25] ECF No. 18 at 4.

police officers purportedly involved in arresting Slick.[26] In that regard, Slick has neither named nor served these John Doe defendants. Thus, this Court is without personal jurisdiction over such defendants[27] and any attempt to now identify and serve these defendants would be time-barred.[28] Such failure requires dismissal of these defendants under Rule 4(m) of the Federal Rules of Civil Procedure.[29]

2. ***All claims against defendants in their official capacity under federal law are dismissed with prejudice.***

Under federal law, a municipality is not generally liable for a constitutional injury committed by an employee or agent.[30] The exception to that rule is where a constitutional injury occurred as a result of an established policy, practice, or custom of the municipality, which must be shown to be the moving force behind the constitutional injury.[31]

Here, Slick alleged that the city of Brunswick Hills has, since 1996, engaged in a "campaign of harassment" against him, such as driving past his home and following him

---

[26] ECF No. 1 at ¶ 22.
[27] *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).
[28] *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (the applicable statute of limitations for § 1983 actions arising in Ohio is two years from the date the claim accrued); Cox *v. Treadway,* 75 F.3d 230, 239-40 (6th Cir. 1996) (replacing a John Doe defendant with a party is not a substitution relating back to the date of original filing but a change of party requiring amendment of the complaint).
[29] *See Petty v. County of Franklin*, 478 F.3d 341, 345-46 (6th Cir. 2007), *abrogated on other grounds*.
[30] *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000).
[31] *Polk County v. Dodson,* 454 U.S. 313, 326 (1981); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-94 (1978).

without pulling him over.³² It is this campaign that Slick claims "emboldened" the defendants to "think they could maliciously prosecute [Slick] and get away with it."³³

The city of Brunswick Hills is not a named defendant, nor is its police department.³⁴ Moreover, however disagreeable such actions by police may seem to Slick, he has alleged nothing clearly impermissible or illegal. Even if addressed as a claim of a municipal policy or custom such as would be needed to make the individual police defendants liable in an official capacity, the statements in the complaint are merely general allegations of a few non-specific isolated events, none involving arrests or physical confrontations, taken over a span of a decade by unknown actors effecting only Slick and presented without context.³⁵ Simply put, there is not enough here to go forward with an allegation that Brunswick Hills police had an established policy or custom of targeting Slick that was then the moving force behind his prosecution in this instance.

---

³² ECF No. 1 at ¶ 30.
³³ *Id.*
³⁴ Defendants argue that Brunswick Hills Township and the Brunswick Hills Police Department should be dismissed from this case because Slick "admits" that he did not allege any governmental policy or driving force behind his asserted constitutional violations. ECF No. 18 at 3-4. As noted, neither the township nor the police department is a named party, and so are not capable of being "dismissed." What can be dismissed is any claims presented against the individual defendants in their official capacities, as the claims are analyzed under the different standards of federal law and Ohio law.
³⁵ *Landsman v. City of City of Vero Beach*, No. 13-14375-CIV-GRAHAM/LYNCH, 2013 WL 12077480, at *5 (S.D. Fla. Dec. 12, 2013) ("Though a complaint does not need detailed factual allegations [to survive a motion to dismiss], the general and nonspecific allegations in [p]laintiff's [c]omplaint do not meet her obligation" to state a § 1983 claim that defendants acted in an "official capacity, arising out of an unconstitutional policy, custom or practice. . . .") (internal citation omitted).

Accordingly, any federal law claims against individual defendants in their official capacity are dismissed with prejudice.

3. *The claims of malicious prosecution under federal law against Bors and Fisher in their personal capacities are insufficiently pled and so are dismissed with prejudice.*

Here, Slick contends[36] that Bors "influenced, participated in and made" the decision to "initiate a criminal prosecution" against Slick by "falsely cit[ing] [Slick] for traffic violations that he knew [Slick] had not committed."[37] He claims Bors did this act maliciously, wantonly, and recklessly,[38] and further claims that as a "direct and proximate result" of such conduct, Slick was injured.[39]

Similarly, Slick asserts that Fisher "influenced, participated in and made" the decision to "initiate a criminal prosecution" of Slick when he "under oath, signed the complaint that was filed with the Medina Municipal Court. . . ."[40] He makes the same assertions that Fisher took this action with malice, or wantonly and recklessly.[41]

---

[36] The malicious prosecution claim is asserted as the first cause of action arising under federal law. ECF No. 1 at 6. But Slick also alleges that this conduct was malicious and wanton. ECF No. 1 at 9. As such, the complaint alleges malicious prosecution under both federal and Ohio law.
[37] ECF No. 1 at ¶ 24.
[38] *Id.* at ¶ 41.
[39] *Id.* at ¶ 42.
[40] *Id.* at ¶ 25.
[41] *Id.* at ¶ 41.

7

Initially, this issue does not involve whether sufficient evidence now exists on the record that would establish that Bors and/or Fisher acted wantonly or maliciously.[42] Those terms concern Ohio law, and as will be discussed below, I decline to exercise jurisdiction over claims asserted under Ohio law. Further, resolution of the motion to dismiss does not require consideration of the evidence cited by the defendants which purportedly shows why the actions by Bors and Fisher were proper.

That said, to succeed on a claim of malicious prosecution under federal law, Slick must show:

(a) A criminal prosecution was initiated against Slick and that the defendant made, influenced, or participated in that decision;

(b) There was a lack of probable cause for the decision to prosecute;

(c) As a consequence of a legal proceeding, Slick suffered a deprivation of his liberty apart from the initial seizure; and

(d) The criminal proceeding must have been resolved in Slick's favor.[43]

Malice is not required to establish a Fourth Amendment claim of malicious prosecution.[44]

Fisher is alleged to have influenced the decision to prosecute Slick by his act of signing the complaint against Slick that included the additional charges specified by the prosecutor beyond those set forth in Bors's citation.[45] The mere act of physically drafting

---

[42] *See Beckett v. Ford*, 613 F. Supp. 2d 970, 984 (N.D. Ohio 2009) (discussing how Ohio law defines these terms).
[43] *Sykes v. Anderson,* 625 F.3d 294, 308-09 (6th Cir. 2010) (citations omitted).
[44] *Id.* at 309 (citations omitted).
[45] ECF No. 1 at ¶¶ 12, 13, 15, 25.

8

a complaint that formalizes a decision made by another to charge the plaintiff is insufficient to state claim for malicious prosecution.[46] Consequently, the allegation under federal law that Fisher maliciously prosecuted Slick is dismissed.

Next, as to Bors, the factual allegation in the complaint is that Bors "falsely cited [Slick] for traffic violations that he knew [Slick] hadn't committed."[47] That factual allegation, if proven, is sufficient at this stage to state the first element of a federal malicious prosecution claim - that Bors's false statement to prosecutors influenced the decision to initiate the prosecution of Slick.[48] I emphasize that this element is considered here only in the context of the motion to dismiss for failure to state a claim and not under the standards of proof required for a resolution on the merits.

As to the second element – lack of probable cause – the Sixth Circuit has stated that an officer may be liable for malicious prosecution when he makes materially false statements either knowingly or in reckless disregard for the truth so as to establish probable cause for an arrest.[49] Again, resolution of this element on the merits may require evidence that any alleged misstatements or falsehoods in the initial police report then extended

---

[46] *Halasah v. City of Kirtland, Ohio*, 574 F. App'x 624, 631-32 (6th Cir. 2014).
[47] ECF No. 1 at ¶ 24.
[48] *Miller v. Maddox*, 866 F.3d 386, 390-91 (6th Cir. 2017) (police officer who swore out an affidavit for an arrest warrant claiming that plaintiff ran a red light and then became verbally confrontational influenced or participated in the decision to prosecute).
[49] *Sykes,* 625 F.3d at 314; *see also Gerics v. Trevino*, No. 15-cv-12922, 2018 WL 1399168, at *4 (E.D. Mich. March 19, 2018) (Plaintiff adequately alleged that defendant officers participated in the decision to prosecute him by specifically pleading facts regarding the false and misleading information presented to the prosecutor and pleading that the prosecutor relied on this information).

further and influenced the prosecution of Slick on charges that were beyond those specified in the initial citation.[50] But for now, Slick has plausibly claimed that Bors's purportedly false statements about alleged traffic violations were made knowingly and in reckless disregard for the truth so as to create probable cause for Slick's arrest.

The third element of malicious prosecution is that, as a consequence of a legal proceeding, Slick suffered a deprivation of his liberty apart from the initial seizure. Here, Slick claims that as a result of the complaint generated by the prosecutor, he was arrested and taken into custody at the Medina County Jail or taken to the sheriff's office.[51]

First, the complaint is unclear as to whether Slick was taken to the jail or just to the sheriff's office; it is silent regarding any allegation as to the nature of what transpired wherever he was taken, as well as how long he was present there.[52] As is apparent in Judge Polster's decision in *Kinlin v. Kline*,[53] a permissible initial seizure following an arrest can consist of an initial traffic stop, the arrest, and the suspect being transported to the police station for a breathalyzer test.[54] Further, as Judge Pearson noted *Meadows v. Trumbull*

---

[50] *See Zavaston v. City of Warren, Michigan*, 714 F. App'x 512, 525-26 (6th Cir. 2017).
[51] ECF No. 1 at ¶ 15. The complaint is unclear as to the exact date of the arrest, stating both that the arrest was on February 3 (¶14) and on February 4 (¶¶15, 26). It is also unclear as to whether Slick was taken to jail (¶15) or booked at the sheriff's office (¶26).
[52] There is a statement in the conclusion to Slick's responsive memorandum to the motion to dismiss that Slick spent two days in jail. ECF No. 16 at 16. A court adjudicating a motion to dismiss cannot accept representations in a brief as "a substitute for a well-pleaded complaint." *Two Men and a Truck International Inc. v. Underwood*, No. 1:11-cv-598, 2011 WL 13113086, at *1 (E.D. Va. July 20, 2011) (citation omitted). To do so would be to impermissibly permit the amendment of a complaint without leave of the Court. *Id.*
[53] No. 1:12 CV 581, 2012 WL 3780461 (N.D. Ohio Aug. 31, 2012).
[54] *Id.* at *6.

*County Health Department*,[55] even when a criminal suspect was booked into jail after an arrest but was then quickly released after having spent no time in jail, that defendant did not satisfy the third element of a federal malicious prosecution charge in that there was no pretrial detention separate and apart from the initial seizure.[56]

In sum, as Judge Lioi explained in *Billock v. Kuivila*,[57] where the only allegation of the complaint, as here, is that the plaintiff was initially arrested and transported to the county jail or taken to the sheriff's office, but the complaint does not then further allege that that "any other restriction was placed on him apart from his initial arrest," the plaintiff "has not offered well-pleaded factual allegations in support of his assertion that he suffered a deprivation of liberty" sufficient to state a malicious prosecution claim.[58]

The fourth element is that the criminal proceeding was resolved in Slick's favor. Under Ohio law, the voluntary dismissal of charges, without a plea bargain or other conditions, operates as a termination in favor of the accused.[59]

In sum, for the reasons stated, Slick's federal claim of malicious prosecution against Bors must be dismissed for failure to state a claim upon which relief may be granted.

---

[55] 2014 WL 11515378 (N.D. Ohio Sept. 19, 2014); *rev'd on other grounds*, *Meadows v. Enyeart*, 627 F. App'x 496 (6th Cir. 2015).
[56] *Meadows*, 2014 WL 11515378 at *11.
[57] No. 4:11-cv-02394, 2013 WL 591988 (N.D. Ohio Feb. 14, 2013).
[58] *Id.* at *6 (citations omitted).
[59] *Lawson v. Godfrey*, No. 3:14cv666, 2014 WL 7274839, at *5 (N.D. Ohio Dec. 18, 2014) (citations omitted).

4. *The purported federal due process claim under the Fifth Amendment[60] is dismissed with prejudice.*

The Fifth Amendment guarantee of Due Process applies only to the federal government and not to states, their political subdivisions, or employees.[61] Moreover, even reading this claim as purporting to arise under the Fourteenth Amendment is of no avail because where a particular amendment gives "an explicit source of constitutional protection," it is that amendment, and not the general notion of "substantive due process" set forth in the Fourteenth Amendment, that must be used to analyze the given claim.[62]

That said, as explained in *Sykes*, the four-part test for the federal law claim of malicious prosecution, set forth above, already is explicitly premised on an alleged violation of the Fourth Amendment's guarantee of due process.[63] Thus, any attempt to frame a separate Fourth Amendment claim apart from the federal malicious prosecution claim[64] must be dismissed as a duplicative claim.

5. *With the federal law claims dismissed, I decline to exercise supplemental jurisdiction over all remaining claims under Ohio law.*

28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over claims arising under state law if it has dismissed all claims

---

[60] ECF No. 1 at ¶¶ 31-36.
[61] *De Paolo v. Brunswick Hills Police Dep't*, Nos. 1:05CV944, 1:05CV945, 2007 WL 2071947, at *10 (N.D. Ohio July 17, 2007).
[62] *Id.* (citing and quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)) (internal quotations omitted).
[63] *Sykes*, 625 F.3d at 308-09.
[64] ECF No. 1 at ¶¶ 31-36.

over which it had original jurisdiction. As the Sixth Circuit teaches, although a district court has broad discretion as to whether to exercise jurisdiction over state law claims, "[t]hat discretion is bounded by constitutional and prudential limits on the use of federal judicial power."[65] Thus, "[a]s a rule of thumb, . . . [w]hen all federal claims are dismissed prior to trial, the balance of considerations will usually point to dismissing the state law claims or remanding them to the state court if the matter had been removed."[66]

Here, after having dismissed all claims arising under federal law, I decline to accept further jurisdiction over the remaining claims and issues arising under Ohio law and so dismiss them without prejudice.

## Conclusion

For the foregoing reasons, the defendants' motion for judgment on the pleadings[67] is granted in part as to all John Doe defendants and as to claims asserted under federal law. These claims are therefore dismissed with prejudice. As to all claims arising under Ohio law, I decline to accept further jurisdiction of those claims and so they are dismissed here without prejudice.

IT IS SO ORDERED.

Dated: October 24, 2018    s/ William H. Baughman, Jr.
                           United States Magistrate Judge

---

[65] *Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).
[66] *Id.* at 1254-55 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).
[67] ECF No. 14.